**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **NEGOTIATED DATA SOLUTIONS LLC,** | § | |
| | § | |
| **Plaintiff/Counterclaim** | § | |
| **Defendant,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 2-06-CV-528 (CE)** |
| | § | |
| **DELL INC.,** | § | **JURY** |
| | § | |
| **Defendant/Counterclaimant/** | § | |
| **Third-Party Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **NATIONAL SEMICONDUCTOR** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Counterclaim Defendant/** | § | |
| **Third-Party Defendant.** | § | |
| | § | |

## AGREED PROTECTIVE ORDER

Whereas this action involving parties Negotiated Data Solutions LLC ("N-Data"), Dell Inc. ("Dell"), and National Semiconductor Corporation ("National") will necessarily involve the disclosure of trade secrets, proprietary information, and/or confidential research, development, or commercial information of the parties, and of non-parties from whom discovery may be sought; and,

Whereas N-Data, Dell, and National stipulate pursuant to Rule 26(c) of the Federal Rules of Civil Procedure – subject to the approval of the Court – to the following Protective Order;

NOW, THEREFORE, IT IS ORDERED as follows:

**1.      Scope Of Protection**

1.1      This Protective Order shall govern any information, document or thing designated pursuant to paragraph 2 of this Protective Order, produced in this case, including all designated deposition testimony, all designated interrogatory answers, documents and other discovery materials and things, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2      This Protective Order shall also govern any Designated Information, document or thing produced in this case pursuant to required disclosures under any federal procedural rule, Eastern District of Texas local rule, and any supplementary disclosures thereto.

1.3      This Protective Order shall apply to the parties and any nonparty from whom discovery is sought and who desires the protection of this Protective Order.

1.4      This Protective Order shall be binding upon the parties, their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and any other persons or organizations over which the parties or their attorneys have control.

**2.      Designation**

2.1      Each party shall have the right to designate as "CONFIDENTIAL" and subject to this Protective Order any information, document or thing produced by it in this case, or any testimony in this case which the producing party in good faith believes contains, reflects, or otherwise discloses non-public proprietary information or confidential technical, business and/or financial information of the designating party which that party would normally not reveal to third

parties, or if disclosed, would require such third parties to maintain in confidence.. This designation shall be made by labeling each page or thing containing Confidential information with the legend CONFIDENTIAL (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth in paragraph 12.

      2.2    Each party shall have the right to designate as "HIGHLY CONFIDENTIAL," restricted to review by qualified persons  as set forth in paragraph 4 only and subject to this Protective Order, any information, document or thing produced in this case, or any testimony in this case which contains, reflects or otherwise discloses current trade secrets, current research and development or other currently competitively sensitive information of the designating party, including, without limitation, trade secrets, confidential technical information, technical practices, methods, or other know-how, licensing strategy or agreements, minutes of Board meetings, pricing data, financial data, sales information, customer-confidential information, agreements with non-parties, market projections or forecasts, strategic business plans, selling or marketing strategies or new product development, testing, manufacturing costs, pending unpublished patent applications, or information about employees.  This designation shall be made by labeling each page or thing containing Highly Confidential information with the legend "HIGHLY CONFIDENTIAL" (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth in paragraph 12.

      2.3    Each party shall have the right to designate as "Highly Confidential – Source Code," restricted to review by qualified persons  as set forth in paragraph 5 only and subject to this Protective Order, any computer source code, documents that describe or contain computer source code, that reflect the development of source code, and copies thereof.  This designation shall be made by labeling each page or thing containing Highly Confidential – Source Code

information with the legend HIGHLY CONFIDENTIAL – SOURCE CODE (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth in paragraph 15.

2.4    The parties will use reasonable care to avoid designating any information, documents or things confidential that are generally available to the public.  The parties will also use reasonable care to avoid designating any information, documents or things "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" for which the designating party does not have a good faith belief that the information, documents or things satisfy the criteria set forth in  respective paragraphs 2.1, 2.2, and 2.3.  To the extent that material is marked "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" (collectively "Designated Information"), such material shall be revealed to or used only by qualified persons as provided for in paragraph 4 and 5 and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order.  Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof shall also be deemed "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" consistent with the designation of the underlying material(s), and the same confidentiality of these materials shall apply as apply to the originals.

2.5    With respect to all materials provided for inspection by a party's counsel, designation need not be made until copies of the materials are requested after inspection and selection by counsel.  Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality.  For purposes of initial inspection, all documents or

things produced for inspection shall be treated as "HIGHLY CONFIDENTIAL."  Thereafter,
upon selection of specified documents or things for copying by the inspecting party, the
producing party shall mark the copies of such documents or things with the appropriate
confidentiality marking at the time that the copies are produced to the inspecting party.

### 3.      Limit On Use And Disclosure Of Designated Information

3.1      All recipients of information pursuant to this Protective Order shall use any
Designated Information governed by this Protective Order only in connection with the
prosecution or defense of this case, **Civil Action No. 2-06-CV-528 (CE),** and for no other
purpose whatsoever, except by advance written consent of the producing party or order of the
Court.  If the information sought to be disclosed was produced by a non-party, that non-party
must give permission in writing before the disclosure can be made.  No party or other person
shall disclose or release to any person not authorized under this Protective Order any Designated
Information governed by this Protective Order for any purpose.  No party or other person shall
disclose or release Information governed by this Protective Order to any person authorized under
this Protective Order for any other purpose beyond use in this case, **Civil Action No. 2-06-CV-
528 (CE)**, except by advance written consent of the parties or court order.

3.2      Counsel for the parties and other persons receiving Designated Information
governed by this Protective Order shall exercise reasonable care to ensure that the Designated
Information governed by this Protective Order is (a) used only for the purposes specified herein
and (b) disclosed only to authorized persons.

**4.** **Disclosure Of Designated Information**

4.1    Information, documents or things designated "HIGHLY CONFIDENTIAL" shall be disclosed only to:

a.    outside counsel of record for the parties, including their partners and associates, and their authorized secretarial, clerical and legal assistant staffs to the extent reasonably necessary to render professional services in this matter;

b.    up to two (2) in-house attorneys of N-Data, who shall be designated in writing at the time N-Data signs this Protective Order, having direct responsibility for providing oversight of or assistance in the litigation, provided that each individual must first agree to be bound by the terms of this Protective Order and necessary staff members working under the supervision of those individuals whose duties and responsibilities require access to Confidential Information;

c.    up to two (2) in-house attorneys of Dell, who shall be designated in writing at the time Dell signs this Protective Order, having direct responsibility for providing oversight of or assistance in the litigation, provided that each individual must first agree to be bound by the terms of this Protective Order and necessary staff members working under the supervision of those individuals whose duties and responsibilities require access to Confidential Information;

d.    up to two (2) employees of National, who shall be designated in writing at the time National signs this Protective Order, having direct responsibility for providing oversight of or assistance in the litigation, provided that each individual must first agree to be bound by the terms of this Protective Order and necessary staff members working under the supervision of those individuals whose duties and responsibilities require access to Confidential Information;

e.      consultants or experts, including their staffs, retained by the parties or their counsel of record for purposes of this case, subject to the procedures of paragraph 7, who are not employees or otherwise affiliated with any of the parties, and who first agree to be bound by the terms of this Protective Order by executing a Confidentiality Undertaking in the form attached as Exhibit A hereto,

f.      the Court and Court personnel;

g.      court reporters employed in connection with this case;

h.      outside  litigation support services retained by the parties for copying, document handling, electronic discovery, exhibit preparation, trial support, etc.;

i.      translation services retained by the parties as necessary for translating documents in this case;

j.      persons who appear on the face of the documents as an author, addressee, or recipient thereof; and

k.       witnesses in a deposition or at trial that are appearing on behalf of the producing party.

Should either party wish to change the designated employees to whom Confidential Information may be disclosed, that party must provide written notice to all other parties and provide seven business days in which those parties can object before disclosure of Confidential Information to that person occurs.  If an objection is received within the seven business days disclosure of Confidential Information to the substitute person shall not be made until resolution of the objection by the parties or by the Court.  The objecting party shall have ten business days in which to file a motion objecting to the disclosure of Confidential Information to the substitute person.  If the objecting party does not file a motion within those ten days, or if the parties

resolve the objection before the duration of the ten days, disclosure of Confidential Information can be made to the substitute person.  If a motion is filed within the ten days, Confidential Information may not be disclosed to the substitute person until resolution by the Court or agreement by the parties to withdraw the motion.  The burden in any motion objecting to disclosure of Confidential Information shall be on the objecting party.

4.2     Information, documents or things designated "CONFIDENTIAL" shall be disclosed only to:

a.      the persons listed in Paragraph 4.1 hereof;

b.      employees or officers of a party;

c.      in-house counsel of a party;

d.      counsel not of record for a party.

4.3     Information, documents or things designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be disclosed only to:

a.      the persons listed in Paragraph 4.1, sections (a), (e)-(h), (j) and (k).

4.4     No disclosure of Designated Information shall be made to persons in sub-paragraphs 4.1(b) - (e) and 4.2 (b)-(d) unless such person has first executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order.  Copies of such Confidentiality Undertakings shall be promptly served on all parties.  Separate Confidentiality Undertakings shall not be required for staff members working under the supervision of an individual signing a Confidentiality Undertaking.  In any case, the provisions of paragraph 6 must be followed prior to any disclosure of Designated Information to experts, consultants or their staff.

**5.**     **Source Code**

5.1     Each party shall have the right to designate any computer source code, documents that describe or contain computer source code, and copies thereof, under the provisions of paragraph 5.3 as HIGHLY CONFIDENTIAL - SOURCE CODE.  Information, documents and things so designated will be subject to all of the same restrictions as material designated as "HIGHLY CONFIDENTIAL" and also to the restrictions and provisions of this paragraph 5.

5.2     The producing party shall provide one copy of any source code or other materials designated under paragraph 5.1 on CD-ROM.  The CD-ROM shall be kept at the offices of outside trial counsel.  One copy of each such CD-ROM may be made for each consultant or expert qualified pursuant to 4.1(e) and may be maintained at the expert's place of work.  Should the CD-ROM become damaged, the producing party shall exchange the damaged CD-ROM for an undamaged CD-ROM.

5.3     Outside counsel of record and each qualified person receiving materials described in paragraph 5.1 may load the CD-ROM onto one computer.  Such computer shall be maintained as a stand-alone, non-networked, password protected computer.  Each party's counsel of record and/or qualified consultant or experts shall be entitled to print in paper form, or copy in electronic form, as many lines of source code as reasonably necessary for preparation of expert reports, for use as an exhibit at deposition, as an exhibit to a filing with the Court, or as an exhibit at trial; provided that all such paper or electronic forms, to the extent possible, shall be labeled on each page with a legend designating them as "HIGHLY CONFIDENTIAL - SOURCE CODE OF [name of party], SUBJECT TO PROTECTIVE ORDER" together with a unique number for each page.

5.4     Each CD-ROM, computer and electronic and written copy of the materials designated under paragraph 5.1 shall be stored in a secure location, such as a locked cabinet or office when not in use, with access limited to those persons authorized to view source code information under paragraph 5.1.

5.5     No copies of the materials designated under paragraph 5.1 shall be made, except for:  (i) one copy for each qualified consultant or expert as described in paragraph 5.2; (ii) temporary electronic copies created in the normal operation of a computer system; (iii) copies made pursuant to the uses authorized under the provisions of paragraph 5.3; and (iv) such other uses to which the parties may agree or the Court may order.

5.6     Other than the uses permitted in paragraphs 5.1-5.5, materials designated under paragraph 5.1 shall not leave the office of any outside counsel of record.  A written log shall be maintained by each party listing each copy made pursuant to paragraph 5.3 and disposition of all such copies (e.g., delivery/receipt to/by other authorized person, destruction, and the like).

5.7     If any party intends to offer any evidence at trial based on the materials designated under paragraph 5.1, the party shall request that the Court take appropriate measures to preserve the confidentiality of the designated materials to the extent reasonably practicable and shall notify the producing party of its intent to use such materials with reasonable notice to allow the producing party adequate time to participate in the request to the Court to preserve the confidentiality of the designated materials.

5.8     Within 60 days of the conclusion of the litigation:

(a)     All copies of materials designated under paragraph 5.1 must be returned to the producing party or, at the producing party's election, destroyed.

(b)     Notwithstanding the provisions above, outside counsel may retain for archive purposes one (1) electronic and one (1) paper copy of all pleadings exchanged by the parties or filed with the Court that contain source code excerpts.

6.      **Withholding and Redaction**

Counsel for a party producing documents may withhold documents or mask ("redact") material deemed exempt from discovery because such documents or material are protected from disclosure under the attorney-client privilege and/or work product doctrines.  For withheld documents:  the document withheld, along with the privilege or immunity claimed for the document and the factual basis for the privilege or immunity and the author and recipients, shall be reported on a log to be provided to the other party within thirty (30) calendar days following the due date for production of such documents.  Documents created after the filing date of this case and which are legitimately protected from disclosure under the attorney-client privilege or work product doctrine need not be included on the privilege log.  For redacted documents:  (i) the produced document must identify the area where redaction has occurred; and (ii) the identity of the redacted document (including author, recipient(s), date and number of pages, the privilege or immunity claimed for the redacted portions, and the factual basis for the privilege or immunity) shall be reported on a log to be provided within thirty (30) calendar days after the production of the redacted document.  In all cases, sufficient information must be provided to enable the other party to evaluate the legitimacy of the asserted privilege or immunity.

7.      **Identification Of Experts**

7.1     If any party desires to disclose information designated "Confidential" or "Highly Confidential" or "Highly Confidential – Source Code" to any expert or consultant pursuant to

paragraphs 4 or 5 above, it must first identify in writing to the attorneys for the producing party each such expert or consultant.  Such identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, a list of the proposed expert or consultant's past, current and anticipated consulting relationships (with the exception of damages experts), a list of the cases in which the expert or consultant has testified at a deposition or at trial within the last four years and all prior and/or present relationships between the expert or consultant and the parties in this case.

7.2     The attorney for the producing party shall have seven (7) business days from receipt of such notice to object in writing to disclosure of such information to any of the experts or consultants so identified.  Disclosure of such information to the expert shall not occur before the expiration of the time for objections.  Objections shall not be made except where the objecting party has a good faith belief that it may be harmed by the disclosure of the party's information.  Any objection made to an opposing party shall state in detail the basis for the objection.

7.3     The parties shall attempt in good faith to resolve any objections informally before seeking assistance from the Court.  If the objections cannot be resolved, the objecting party may move the Court for an Order preventing disclosure to the consultant or expert within ten (10) business days after the objection was made.  Disclosure of Designated Information to the expert or consultant shall not occur after receipt of an objection until the expiration of the ten business days in which the objecting party may move the Court.  If any such motion is made, the objecting party shall bear the burden of proof.  If no such motion is made within said ten (10) business day period, the consultant or expert shall be permitted to receive Confidential, Highly Confidential, or Highly Confidential – Source Code information pursuant to the terms of this

Protective Order.  In the event objections are made and not resolved informally and a motion is filed, disclosure of information to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

> **8.** **Related Documents**

Information, documents or things designated "Confidential" or "Highly Confidential" may include (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and/or (d) deposition testimony designated in accordance with paragraph 9.

> **9.** **Designation Of Deposition Transcripts, Hearing/Trial Transcripts And Exhibits**

9.1     Deposition transcripts, or portions thereof, may be designated as containing Confidential or Highly Confidential information subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see paragraphs 2.1 and 2.2) as the designating party may direct, or (b) within ten (10) business days after receipt of the official transcript of the deposition by providing written notice to the reporter and all counsel of record of the specific pages and lines that contain Confidential or Highly Confidential information, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

9.2     All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, Highly Confidential for a period from the date of the deposition until of the expiration of ten (10) business days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraph 4.1 during that period, except with the written consent of the designating party.  Any portions of such transcripts not designated within this time frame shall not thereafter be treated as Confidential or Highly Confidential information, except by order of the Court or, if inadvertently not designated within this time frame, pursuant to the procedure set forth in paragraph 15.

9.3     The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates "Confidential" or "Highly Confidential" and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to paragraph 4.

9.4     At any court hearing, trial or other proceeding no party is prevented by this Protective Order from moving the Court to close the hearing and designate all or portions of the transcript as "Confidential" or "Highly Confidential" information.

**10.     Disclosure To Author Or Recipient**

Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing a document containing information of a producing party designated "Confidential" or "Highly Confidential" to any current employee of the producing party, or to any person the document clearly identifies as an author, addressee, or recipient of such document or who can be shown by appropriate foundation (without disclosing

the contents of the document) to have received the particular document or to know the contents of the document based on his/her position.

### 11.    Confidentiality Of Party's Own Documents

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure by the designating party the information becomes public knowledge.  Similarly, the Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

### 12.    Designation Of Documents Under Seal

Any information designated Confidential, Highly Confidential, or Highly Confidential – Source Code, if filed with the Court, or offered and received into evidence, shall be filed or received under seal.

### 13.    Challenge To Confidentiality

13.1    This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate.  Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an order permitting the disclosure or use of Designated Information otherwise prohibited by this Protective Order, or (c)

applying for a further order modifying this Protective Order in any respect.  No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

13.2    If a party seeks de-designation of particular items, the following procedure shall be utilized:

a.    The party seeking such de-designation shall serve counsel of record for the designating party with written notice thereof specifying the Designated Information as to which such removal is sought and the reasons for the request; and

b.    If, after conferring, the parties cannot reach agreement concerning the matter within five (5) business days after the delivery and receipt of the notice, then the party requesting the de-designation of particular items may file and serve a motion for a further order of this Court directing that the designation shall be so removed.  On any such motion, the burden of proof shall lie with the producing party to establish that the information is, in fact, properly designated as Confidential, Highly Confidential, or Highly Confidential – Source Code information.  The Designated Information shall retain its designation until the parties reach agreement to de-designate it or the Court orders de-designation.

**14.    Inadvertent Disclosure Of Work Product Or Privileged Information: Procedure And Waiver**

The inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege, work product immunity and/or other immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or disclosure, the party who made the inadvertent production or disclosure promptly serves on each receiving party a written notice specifically identifying the document and/or thing, the privilege

or immunity applicable to it, the basis for such privilege or immunity, and requests its return.
Upon being notified by the producing party pursuant to this paragraph, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents at issue.
The receiving party shall return or destroy all copies of such documents within five (5) business days of such notice, and shall not thereafter use any information contained therein for which the producing party has claimed privilege or immunity, except by agreement of the producing party or Order of the Court.  Return of the document or thing by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege, work product immunity, and/or any other immunity.

   a. If the receiving party wishes to contest that any such document or thing was inadvertently produced or is protected by the attorney-client privilege, by work product immunity, and/or by any other immunity, the receiving party shall so notify the producing party in writing within five (5) business days after being served with the notice by the producing party under this paragraph.  The document or thing will be treated as privileged for purposes of disclosure from the date of notice from the producing party under paragraph 14 until resolution of its status by agreement of the parties or Order of the Court even though its status is in dispute.

   b. Within five business days of receiving written notice from the receiving party that the receiving party does not believe that the document or thing is entitled to privilege, if the producing party continues to assert the privilege or immunity, the producing party must renew its objection in writing.

   c. The receiving party may, within five days after receiving written notice that the producing party continues to assert a privilege or immunity, file a motion to compel

production of such documents and things, the protection of which is still disputed.  If such a motion is filed, the producing party shall have the burden of proving that the documents and things in dispute are protected by attorney-client privilege, work product immunity, and/or other immunity.

        d.     With respect to documents and things generated by a receiving party which contain information derived from such inadvertently produced documents and things, if the receiving party does not notify the producing party that the receiving party disputes the claims of attorney-client privilege, work-product immunity, and/or other immunity, the receiving party shall either destroy the derivative documents and things or redact from them all such derivative privileged or immune information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

### 15.    Inadvertent Failure To Designate

A producing party or nonparty that inadvertently fails to designate information, documents or things pursuant to this Protective Order at the time of production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated, to the receiving party within five (5) business days of discovery that the information, documents or things were not properly designated.  The receiving party shall not be in violation of this Protective Order for disclosures or uses made of such information, documents, or things prior to receipt of notification.  Those individuals not otherwise authorized under this Protective Order to have access to such information, documents, or things, but who reviewed the information, documents or things prior to the notice of misdesignation or failure to designate by the producing party shall

return to counsel for the producing party or destroy and certify destruction of all copies of the misdesignated information, documents or things within ten (10) business days after receipt of such notification.

### 16.     Prior Or Public Knowledge

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public, was in the possession of the party to whom disclosure is made prior to disclosure or is public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

### 17.     Limitation Of Protective Order

This Protective Order is not intended to address objections by any party or non-party to producing, answering, or responding to any discovery request on the grounds of attorney-client privilege, work product immunity, and/or other immunity, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

### 18.     Other Proceedings

Any person or party subject to this Protective Order who is subject to a motion or subpoena in another legal or administrative proceeding to disclose another party's "Confidential," "Highly Confidential," or "Highly Confidential – Source Code" information pursuant to this Protective Order shall promptly notify all parties of the motion and provide the

parties with a copy of the motion or subpoena so that they may have an opportunity to appear and be heard on whether such information should be disclosed.

### 19. Non-Party Material

The terms of this Protective Order are applicable to Confidential, Highly Confidential, or Highly Confidential – Source Code information provided by a non-party. Information provided by a non-party in connection with this case and designated "Confidential," "Highly Confidential," or "Highly Confidential – Source Code," pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

### 20. Return Of Designated Information

Except as otherwise provided in paragraph 5.8, within sixty (60) calendar days after the final termination of the this action by unappealable judgment, exhaustion of all appeals or settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all Designated Information and all other materials containing Designated Information, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that any documents or copies which contain, constitute or reflect attorney work product, attorney-client privilege communications, and/or other immune communications may be retained by counsel, subject to a continuing obligation to protect Designated Information pursuant to this Protective Order. Outside counsel of record may also keep deposition exhibits, transcripts, Court exhibits and transcripts, and documents and information included in submissions to the Court. Notwithstanding this provision, outside counsel of record for the parties are not required to delete information that may reside on the respective electronic back-up systems of the firms which are over-written in the normal course of business; however, the outside counsel of record

agree that no Designated Information shall be retrieved from the electronic back-up systems after conclusion of this case.

### 21.     Waiver Or Termination Of Protective Order

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown.  After termination of the last pending action involving the patent-in-suit, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Designated Information for enforcement of the provisions of this Order following termination of the last pending action involving the patent-in-suit.

### 22.     Modification Of Protective Order; Prior Agreements

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of all of the parties without further order of the Court and only provided that any modification continues to uphold the rights of non-parties granted under this Protective Order.  This Protective Order supersedes any agreements between the parties regarding the confidentiality of Designated Information entered into before the date of this Protective Order.

### 23.     Section Captions

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Protective Order.

SIGNED this 23rd day of January, 2008.


_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **NEGOTIATED DATA SOLUTIONS LLC,** | § | |
| | § | |
| **Plaintiff/Counterclaim** | § | |
| **Defendant,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 2-06-CV-528 (CE)** |
| | § | |
| **DELL INC.,** | § | **JURY** |
| | § | |
| **Defendant/Counterclaimant/** | § | |
| **Third-Party Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **NATIONAL SEMICONDUCTOR** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Counterclaim Defendant/** | § | |
| **Third-Party Defendant.** | § | |
| | § | |

## CONFIDENTIALITY UNDERTAKING

I have read the Agreed Protective Order concerning the confidentiality of information in the above captioned litigation.  I understand that the Agreed Protective Order is a Court order designed to preserve the confidentiality of certain confidential information.  I also understand that the Agreed Protective Order restricts the use, disclosure and retention of such confidential information and also requires the safeguarding and return of documents and other materials containing confidential information.

I agree to comply with all provisions of the Agreed Protective Order described above with respect to any information designated Confidential, Highly Confidential, or Highly Confidential – Source Code that is furnished to me.  I hereby consent to the personal jurisdiction

of the United States District Court, Eastern District of Texas, for any proceedings involving the

enforcement of that Protective Order.

     EXECUTED this _____ day of _____, 2008.

                                  _____

                                  Name

                                  _____

                                  Signature

                                  _____

                                  Present Employer or Other Business Affiliation

                                  _____

                                  Business Address